IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER ANDREWS-FILAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 6026 |
| | ) |
| PIER 1 IMPORTS (U.S.), INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

After Pier 1 Imports (U.S.), Inc. ("Pier 1") had moved both (1) to dismiss this employment discrimination action brought against it by its ex-employee Heather Andrews-Filas ("Filas") and (2) to transfer this action to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. §1404(a) ("Section 1404(a)"), Filas filed a First Amended Complaint ("FAC") that (among other things) eliminated the class action allegations that had served as the predicate for the Section 1404(a) motion. Pier 1 then complied with this Court's order to supplement its dismissal motion, after which Filas complied in turn with the same order's requirement that she respond to that motion.

This Court has contemporaneously denied the Section 1404(a) motion by a very short memorandum order because a transfer of the case was clearly inappropriate after the FAC had limited the charge against Pier 1 to Filas' individual claim. This memorandum order accordingly focuses on the motion to dismiss

from the same perspective.

As Filas' Mem. 3 correctly reflects, <u>Geier v. Medtronic, Inc.</u>, 99 F.3d 238, 241 (7th Cir. 1996) teaches that a Title VII violation can occur if a woman employee is "treated differently because of her pregnancy." If read in an overly literal fashion, that might provide Title VII relief to a pregnant woman who was treated <u>more</u> favorably because she was pregnant--but that of course is not what is meant by the quoted language. Nonetheless a review of Filas' allegations reveals that such is the only arguable basis on which she might remain in court on her federal claim.

Even though FAC ¶14 states that "Mrs. Filas was treated differently than non-pregnant and non-female employees because of her pregnancy and sex, respectively," she has effectively pleaded herself out of court by the later allegations contained in FAC Count II, which sounds in the Illinois state law tort of intentional infliction of emotional distress. FAC ¶¶22-30 reveal that the essence of Filas' purported discrimination claim is that she was not provided <u>preferential</u> treatment by being allowed an exemption from an essential function of her job (the ability to lift 35 pounds on a consistent basis), or by being granted extended participation in Pier 1's light duty program beyond the maximum period permitted for <u>all</u> employees, or by being granted an extended leave of absence beyond the three-month period

2

permitted to all employees under Pier 1's policy.

That attempt to obtain special preferential treatment because of Filas' pregnancy runs afoul of the holdings in such cases as Troupe v. May Dep't Stores Co., 20 F.3d 734, 738 (7th Cir. 1994) and Kennedy v. Schoenberg, Fisher & Newman, Ltd., 140 F.3d 716, 722 (7th Cir. 1998). And as indicated earlier, that calls for dismissal of Filas' Count I attempt to seek relief under Title VII and the Pregnancy Discrimination Act, and this Court so orders.

Although Pier 1 then goes on to urge that the Count II state law claim should also be dismissed as inextricably linked to Filas' federal claim, this Court is disinclined to address that contention at the pleading stage. Instead Filas' state law claim is dismissed without prejudice on the ground that it now lacks a federal-question anchor to support jurisdiction here. With both FAC counts having been thus dismissed, albeit on different grounds, this action is itself dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 19, 2006

3